AO 247 (02/08)  Order Regarding Motion for Sentence Reduction

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | |
| Larry Earl Stanford | ) | Case No: 3:88-cr-215-J-12HTS |
| | ) | USM No: 08999-018 |
| Date of Previous Judgment: July 19, 1989 | ) | James H. Burke, Esq. |
| (Use Date of Last Amended Judgment if Applicable) | ) | Defendant's Attorney |

### Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons    the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
  ☐ DENIED.    ☒ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of __420 months *__ months is reduced to __324 months, or time served, whichever is greater__.

### I. COURT DETERMINATION OF GUIDELINE RANGE (Prior to Any Departures)

| | | | |
|---|---|---|---|
| Previous Offense Level: | 41 | Amended Offense Level: | 39 |
| Criminal History Category: | III | Criminal History Category: | III |
| Previous Guideline Range: | 360 to LIFE months | Amended Guideline Range: | 324 to 405 months |

### II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE

☒ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
 Other (explain):

Continued on page 2.

Larry Earl Stanford
Case No. 88-cr-215-J-12HTS                                               Page 2 of 2

### III. ADDITIONAL COMMENTS

*The defendant's original sentence consisted of 420 months as to Count 1 and 240 concurrent on Count 2, thus the relevant sentence for purposes of calculating the reduction is the 420 month sentence on Count 1. The sentence as to Count 2 remains unchanged.

U.S.S.G. 1B1.10(b)(2)(C) states that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."

The parties in this case have stipulated that the Defendant is eligible for a sentence reduction and that his sentenced be reduced by 96 months to a term of 324 months, or time served, whichever is greater. See Doc. 1856.

Pursuant to the request of the Bureau of Prisons, the Court has delayed the effective date of this Order for ten (10) days to allow the Bureau of Prisons sufficient time to comply with various pre-release statutory requirements and to the extent possible, establish a release plan for the Defendant.

Except as provided above, all provisions of the judgment dated   7/19/89   shall remain in effect.

**IT IS SO ORDERED.**

Order Date:        April 4, 2008              *Howell W. Melton*
                                              Judge's signature

Effective Date:     April 14, 2008            Howell W. Melton, Senior U.S. District Judge
                   (if different from order date)         Printed name and title

Copies to:
Defendant Kenneth Bailey, FCI Jesup
AUSA (Henry)
AFPD (Burke)
USPO (Ashley Coxwell)
Bureau of Prisons (via e-Designate system and U.S. mail)